IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nhat Phan, | ) | No. CV-11-2259-PHX-NVW (LOA) |
| Petitioner, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| | ) | |
| Katrina S. Kane, | ) ) | |
| Respondent. | ) ) | |
| | ) | |

On November 17, 2011, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, doc. 1, asserting that his continued detention by the Department of Homeland Security ("DHS") is unlawful. Petitioner seeks either removal or release from custody on an order of supervision. On January 30, 2012, Respondent filed a Notice of Mootness asserting that this matter is moot because Petitioner has been released from custody on an order of supervision. (Doc. 12) Petitioner has not replied.

**I. Background**

Petitioner is a native and citizen of Vietnam. (Doc. 1 at 11) Petitioner entered the United States on October 26, 2001 at Los Angeles as a lawful permanent resident. (Doc. 1 at 13) On September 23, 2008, Petitioner was convicted in the State of California for Commercial Burglary and Identity Theft and was sentenced to two years imprisonment. (*Id.*) On June 3, 2011, the Department of Homeland Security ("DHS") commenced removal proceedings against Petitioner. Petitioner was ordered removed to Vietnam. (*Id.*)

Thereafter, Petitioner filed a Petition for Writ of Habeas Corpus with this Court asserting that his continued detention is unlawful.  Petitioner seeks immediate release from custody.

**II. Analysis**

As previously stated, Petitioner seeks release from custody on the ground that his continued detention by DHS is unlawful.  (Doc. 1)  After filing his Petition, on or about January 3, 2012, Petitioner was released from custody under an order of supervision.  (Doc. 12 at 4)  Indeed, on January 13, 2012, the Court received returned mail addressed to Petitioner marked "undeliverable, not in custody."  (Doc. 10)   Petitioner has not notified the Court of his current address.  Because Petitioner has been released from custody on an order of supervision, he has been awarded the relief he was seeking in his § 2241 petition.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 395 (1980); *see also PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996).  An actual case or controversy must exist at all stages of judicial review.  *Ortez v. Chandler*, 845 F.2d 573, 574-575 (5th Cir. 1988) (holding that no case or controversy existed where movant, who challenged his bond determination, had been deported because the relief he requested — reduction of his bond — could no longer be effected.)  This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution.  *Geraghty*, 445 U.S. at 395.  This Court lacks jurisdiction to review moot issues.  *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (stating that "[i]t is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies.").  A moot action is not subject to a judicial resolution.  An action is moot when the parties lack a legally cognizable interest in the outcome.  *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985).

Here, Petitioner challenges his detention by DHS and seeks either removal "or

release . . .on an order of supervision."  (Doc. 1 at 9)  In view of Petitioner's release from custody on an order of supervision, the relief he requests — "release . . .on or order of supervision" — can no longer be effected.  (Doc. 1 at 9)  Therefore, no "case or controversy" remains and the Petition is moot.  *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed.); *American Rivers v. National Marine Fisheries Services*, 126 F.3d 1118, 1123 (9th Cir. 1997) (stating that "[a] claim is moot if it has lost its character as a present, live controversy.") (citation omitted); *Xie v. Schiltgen*, No. C 99-4150 VRW, 2001 WL 637409, * 1 (N.D. Cal. May 24, 2001) (finding petition for writ of habeas corpus under 28 U.S.C. § 2241 moot where petitioner has been released from INS custody after posting bond).  *But see Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) (noting, in dictum, that habeas petitioner's release from detention did not render moot his claims for injunctive and declaratory relief.  Rather, a controversy existed because petitioner retained a personal stake in determination of claims on behalf of himself and class of aliens detained during immigration proceedings for more than six months without bond hearing, because petitioner's release pursuant to 8 C.F.R. § 241.4 was subject to restrictions and to discretionary revocation without hearing before neutral decision-maker and without burden of justification on government.).

Alternatively, this matter is subject to dismissal based on Petitioner's failure to notify the Court of his current address.  *See* Fed.R.Civ.P. 41(b); LRCiv 83.3(d).

In view of the foregoing,

**IT IS RECOMMENDED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED**, in the alternative, that the Petition be dismissed based on Petitioner's failure to comply with Court orders pursuant to Fed.R.Civ.P. 41(b).

- 3 -

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 5th day of March, 2012.

Lawrence O. Anderson
United States Magistrate Judge

- 4 -